THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:18-cv-00038-MR
(CRIMINAL CASE NO. 2:09-cr-00015-MR)

JOHN DOUGLAS BIRD, JR.,      )
                             )
          Petitioner,        )
                             )
     vs.                     )         **O R D E R**
                             )
UNITED STATES OF AMERICA,    )
                             )
          Respondent.        )
_____)

**THIS MATTER** is before the Court on the Petitioner's Motion to Seal the Medical Record Appendix [Doc. 6].

The Plaintiff moves for leave to file under seal a "Medical Records Appendix," which includes medical records pertaining to the victim of the Petitioner's offense.

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be

rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" Id. at 265-66 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) if the sealing motion is granted, provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the Petitioner's motion. The Petitioner filed his motion on February 15, 2018, and it has been accessible to the public through the Court's electronic case filing system since that time. Further, the Petitioner has demonstrated that the documents at issue contain certain medical records of the victim, including sensitive personal and health

information, and that the public's right of access to such information is substantially outweighed by the competing interest in protecting the details of such information. Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that sealing of these documents is necessary to protect the victim's privacy interests.

**IT IS, THEREFORE, ORDERED** that the Petitioner's Motion to Seal the Medical Record Appendix [Doc. 6] is **GRANTED**, and the Medical Record Appendix [Doc. 7] shall be placed under seal until further Order of the Court.

**IT IS SO ORDERED.**

Signed: February 20, 2018

Martin Reidinger
United States District Judge